IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SAMUEL S. UPTHEGROVE,

                     Plaintiff,                             ORDER

          v.                                              09-cv-206-bbc

CAPTAIN HOLM,

                     Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In an order entered April 30, 2009, I screened plaintiff Samuel S. Upthegrove's complaint and granted him leave to proceed on his claim that defendant Captain Holm violated his Eighth Amendment rights by refusing to allow him to wear a jacket when he went to the hospital in subzero temperatures. At the same time, I denied him leave to proceed on his related claim that Captain Holm's decision to deny his jacket was a violation of his equal protection rights and ordered that a strike be recorded pursuant to 28 U.S.C. § 1915(g) because one claim had been dismissed for failure to state a claim upon which relief may be granted.

Plaintiff has filed a motion for reconsideration, arguing that he did state an equal protection claim, and, if he did not, he should not receive a strike for it because it was "based

1

on the same set of facts" as his Eighth Amendment claim. Plaintiff contends that it was error to conclude that a rational basis existed for defendant's decision to deny him an orange jacket because the jacket was close at hand and would not have to be sought after. (I held that it would not be irrational for defendant to "stop worrying about finding a coat in light of" plaintiff's apparent need for emergency medical treatment.) Assuming that the complaint allows an inference that the jacket was close at hand, there are other conceivable rational bases for denying the orange jacket, such as the concerns of losing the orange jacket if it is removed from the institution's grounds, irritating plaintiff's injuries with the jacket or even staining the jacket. At any rate, as I explained, I would not be inclined to allow plaintiff to proceed on his claim even if there were no rational basis, in light of current rulings suggesting that "class-of-one" equal protection claims are not cognizable in such an individualized and discretionary setting as the prison setting. Engquist v. Oregon Department of Agriculture, 128 S. Ct. 2146, 2154 (2008) ("class of one" claims not cognizable in employment setting because too individualized and discretionary); United States v. Moore, 543 F.3d 891, 898-901 (7th Cir. 2008)("class of one" argument is as much a "poor fit" in prosecutorial discretion context as it is in public employment context). Therefore, plaintiff's motion to reconsider dismissal of his equal protection claim will be denied.

Next, plaintiff contends that, if he is to have that claim dismissed, he should not

2

receive a strike for it because it is based on the same set of facts as the Eighth Amendment claim for which he has been granted leave to proceed. Plaintiff's argument makes some sense; the language of 28 U.S.C. § 1915(g) suggests that strikes only for dismissal of "actions or appeal[s]," not any claim within a given action. Unfortunately for plaintiff, the Court of Appeals for the Seventh Circuit has rejected that argument, holding that district courts should evaluate *each claim* in a multi-claim suit for the purpose of § 1915(g)." George v. Smith, 507 F.3d 605, 607-08 (7th Cir. 2007).

Plaintiff believes it is unfair to record strikes for any claim arising out of a set of facts from which a viable claim arises, contending that it effectively punishes him for describing legal theories that he believes apply to his case. The point is well taken; had plaintiff avoided raising his equal protection claim, he would not have had a strike. However, the court of appeals did not limit its ruling in George to "any claim not arising out of the same set of facts," instead concluding that a strike should be recorded if the complaint contains any claim that must be dismissed for the reasons listed in § 1915(g). Id.

The rationale of recording strikes for any "claim" must be that strikes are given for "wasted resources." Under this reasoning, it makes perfect sense to afford strikes for legal theories asserted. Plaintiff is not required to assert legal theories, only facts giving rise to a claim. To the extent plaintiff presses certain claims, good or not, the court must address the merits of each of those claims. Imagine an extreme example, where a prisoner might allege

3

facts giving rise to an Eighth Amendment claim but assert claims under every state and federal law imaginable. Although plaintiff falls on the other end of this spectrum, the court of appeals has made it clear that the unit of assessment for strikes is "claims," so even a single defective claim is grounds for a strike. Therefore, I will deny plaintiff's motion to reconsider recording a strike against him in this case.

ORDER

IT IS ORDERED that plaintiff Samuel S. Upthegrove's motion to reconsider, dkt. #7, the screening order entered April 30, 2009, dkt. #6, is DENIED.

Entered this 7th day of May, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

4